**SO ORDERED.**

**SIGNED this 18 day of August, 2015.**



_____
Catharine R. Aron
United States Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

CHARLES AZIZ FARAG AND        CASE NO. 12-02431-8-SWH
SUSAN FARAG,

                                                     CHAPTER 13

        DEBTORS.

**ORDER DENYING MOTION TO SET ASIDE AND/OR MODIFY PRIOR ORDER**

The matter before this court is the motion filed by Wells Fargo Bank (hereinafter "Wells Fargo") seeking to set aside or modify a prior order of this court that granted relief from the automatic stay to PNC Bank (hereinafter "PNC") and directed the cancellation of a deed of trust held by Wells Fargo. A hearing was held in Raleigh, North Carolina, on May 20, 2015. For the reasons that follow, the motion to set aside and/or modify shall be denied.

On November 26, 2002, Susan Farag and Charles Aziz Farag ("debtors") obtained a line of credit with Wells Fargo, secured by a deed of trust on property located at 633 Pendleton Lake Road in Raleigh, North Carolina (hereinafter the "Property"). The debtors refinanced the Property with PNC on or about December 28, 2004. During that process, Wells Fargo notified PNC's counsel by letter that the debtors' line of credit had been frozen, and that the amount due to pay off the obligation was $285,502.51. The Wells Fargo letter to PNC included the following heading:

"Response to your request to payoff and close this revolving line of credit," and recited the loan identification number related to the Wells Fargo line of credit. The PNC attorney and the debtors transmitted $285,082.11 to Wells Fargo via letter that likewise bore the loan identification number related to the Wells Fargo line of credit and requested that the Wells Fargo note and deed of trust be marked satisfied and returned to PNC's counsel for recording. However, Wells Fargo never marked the deed of trust satisfied and the debtors' line of credit remained open. After the closing on the PNC loan and payment to Wells Fargo, the debtors continued to take advances totaling $283,000.00 on the line of credit.

On March 29, 2012, the debtors filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code. On February 12, 2012, and May 9, 2012, PNC filed two proofs of claim in the amounts of $475,924.81 and $64,970.51[1] respectively, secured by the debtors' residence. On June 24, 2012, Wells Fargo filed a secured proof of claim in the amount of $307,530.84 for a debt arising from the line of credit secured by the Property. No objections were filed to the Wells Fargo proof of claim.

PNC filed a Motion for Relief from Stay on October 4, 2012 (hereinafter "Stay Motion"). The Stay Motion sought authority to foreclose and to cancel Wells Fargo's deed of trust on the Property. The Stay Motion was electronically served on the debtors, the debtors' attorney, the trustee, and Sean Corcoran, a lawyer with the firm of Brock and Scott, PLLC, as the attorney for Wells Fargo. Mr. Corcoran had filed a Notice of Appearance as counsel for Wells Fargo on April 5, 2012. Responses to PNC's Stay Motion were due by October 22, 2012; none were filed and an

---

[1] The proof of claim in the amount of $475,924.81 evidenced a loan made on December 28, 2004. The proof of claim in the amount of $64,970.51 was for a line of credit advanced by PNC on December 28, 2004.

order was entered without hearing on November 7, 2012, by the Honorable J. Rich Leonard, granting stay relief and cancelling the Wells Fargo deed of trust. (hereinafter, "Stay Order").

A certified copy of the Stay Order was recorded in the Wake County Register of Deeds on January 9, 2013. On or about April 25, 2013, the chapter 7 trustee filed his Final Report and Account which indicated that Wells Fargo's claim in the amount of $307,530.84 had been "surrendered." The Final Report was served on Mr. Corcoran and on the Wells Fargo Home Equity Group, among other Wells Fargo departments[2] on November 7, 2012. Again, there were no objections made and the debtors received their discharge on May 1, 2013. The bankruptcy case was closed and a final decree was entered on May 29, 2013.

After the case was closed, PNC initiated foreclosure proceedings on the Property and on or about June 30, 2014, it was sold at foreclosure sale to AMH Roman Two NC, LLC (hereinafter "AMH"). Brock & Scott, PLLC, acting as counsel for the foreclosure trustee, prepared the Substitute Trustee's Deed that conveyed the Property to AMH pursuant to the foreclosure sale.

On January 26, 2015, Wells Fargo filed a motion requesting that this court set aside the Stay Order entered on November 7, 2012, pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure. Wells Fargo contends (1) it never received actual notice of PNC's Stay Motion; (2) the Stay Order is void pursuant to 11 U.S.C. § 362 and 7004(h) because PNC failed to file a separate motion to cancel Wells Fargo's deed of trust or commence an adversary proceeding; and (3) PNC's Stay Motion did not serve as a proper request for payoff of the deed of trust and thus, should have

---

[2] In addition to the Wells Fargo Home Equity Group, the Trustees's Final Report and Account and Notice Thereof was served on the following Wells Fargo departments: Wells Fargo Bankruptcy Department, Des Moines, Iowa; Wells Fargo Bankruptcy Department, Fort Mill, South Carolina; Wells Fargo Operations Center; Well Fargo Home Equity; and Wells Fargo Home Mortgage.

been denied under the then applicable law.  AMH, however, contends (1) that notice of the Stay Motion was served properly on Wells Fargo's attorney of record pursuant to Bankruptcy Rule 9010 and; (2) that allowing the relief requested would be prejudicial because AMH is an innocent third party purchaser and had no duty to look beyond the Wake County Register of Deeds to investigate the status of the deed.

## DISCUSSION

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Bankruptcy Rule 9024, this court may relieve a party from a final judgment or order for the following enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60.

Wells Fargo's motion is made pursuant to Rule 60(b)(4) and (6), and as the movant, Wells Fargo bears the burden of proof. Compton v. Alton S.S. Co., 608 F.2d 96 (4th Cir. 1979).  In addition to the enumerated grounds for relief in Rule 60, Wells Fargo must show (1) that its motion is timely, (2) that it has a meritorious defense, (3) that there is the absence of unfair prejudice, and (4) that there are exceptional circumstances. Williams v. Echols (In re Williams), 2009 Bankr. LEXIS 840, at *4 (Bankr. E.D.N.C. Apr. 1, 2009) (citing Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) and Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir.

1993)). Wells Fargo cannot meet at least two of the four threshold requirements, specifically numbers one and three.

Wells Fargo maintains that its Rule 60(b) motion was timely when filed on January 26, 2015, because it had not received proper notice of either the Stay Motion or the Stay Order. Wells Fargo contends that notice failed because (1) Sean Corcoran's Notice of Appearance was limited in nature and only applied to a separate and unrelated parcel of real property; (2) the Stay Order was misleading because the title of the pleading did not include reference to the cancellation of the deed of trust; and (3) service was improper because Rule 7004(h) requires all federally insured depository institutions to be served by certified mail, addressed to an officer of the institution.

With regard to the scope of the Notice of Appearance, the court finds that on April 5, 2012, Sean Corcoran submitted a Notice of Appearance as counsel for Wells Fargo the language of which did not in any way limit the scope of his representation. The court also finds that service of the Stay Motion was proper. On April 5, 2012, Sean Corcoran filed an unlimited Notice of Appearance for Wells Fargo. Once Mr. Corcoran made his appearance, service on Wells Fargo was not required. Bankruptcy Rule 7004(h)(1). Local Rule 5005-4(2)(c) states, "(a)s to all documents properly filed and served electronically, registration as Filing User constitutes . . . waiver of the right to receive notice or service by first class mail or personal delivery." PNC served Sean Corcoran electronically – in accordance with the method of service he registered to receive. Electronic service on Mr. Corcoran of the Stay Motion and Stay Order was proper. Finally, the Stay Order was not misleading. The Stay Order was only one and one-half pages long and the language authorizing cancellation of the Wells Fargo deed of trust was clear, unambiguous and not "hidden" among other language in it. Wells Fargo had ample opportunity to read and respond to PNC's Stay Motion and

the Stay Order. In light of the proper service of the Stay Motion and a clear and unambiguous Stay Order, Wells Fargo is deemed to have had knowledge of the Stay Order by November 7, 2012. Thus, a delay of over two years to file a Rule 60 motion is unreasonable and the motion is not timely.

Although the untimeliness of Wells Fargo's motion is in an of itself grounds for denial of the motion, the court also finds that Wells Fargo cannot show the absence of prejudice should the motion be allowed. Setting aside the Stay Order would greatly prejudice AMH, as it reasonably relied on records on file with the Wake County Register of Deeds that indicated the absence of encumbrances on the Property. AMH proceeded to obtain title to the Property in good faith and it would be patently unfair to disrupt that title at this late date.

Wells Fargo can not satisfy its burden under Rule 60(b), and the motion must therefore be **DENIED**.

**END OF DOCUMENT**